B. Browne,

contra, submitted that the statutes referred to by the attorney general were not permanent laws, being enacted for the particular occasion. And, he said, as there was no existing law at the time this bond was executed, authorising the sergeant of the hustings court to collect public taxes, or the court to appoint a public collector for the city, or to take a bond from him, the bond was null and void as to the surety at least. Branch v. Commonwealth, 2 Call 510. Stuart v. Lee, 3 Call 421. U. States v. Morgan, 3 Wash. Circ. Court Rep. 10. Then, supposing the bond in question not good as a statutory bond, how could it be good under the common law? The bond is taken to the governor and his successors: if not put in suit during the term of office of the governor to whom it was made payable, no suit could ever be brought on it; for, surely, the governor’s successors could not maintain the action without express authority of law. This alone was conclusive. But as the collector was appointed, so the bond was taken, by the hustings court, contrary to the policy of the law; which has ever been to confine the collection of the public revenue, to officers appointed by the law itself; sheriffs, or coroners, or collectors appointed under special circumstances in the manner prescribed by law. This was an unauthorised interference of the hustings court in the collection of the public *487 revenue; and it would be of mischievous consequence to give any countenance to such a practice.
This court concurred with the chancellor, and affirmed the decree.